```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                          CHARLESTON
```

**BOYD JAMES GILMORE,**

    **Petitioner,**

v.                            **Case No. 2:09-cv-00041**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On January 14, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1) and Memorandum of Law in support thereof (# 2). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On February 3, 2009, the undersigned ordered that Respondent file an answer or other response to the petition by March 13, 2009 (# 5). On March 12, 2009, Respondent filed a Response to Petition for Writ of Habeas Corpus (# 11), a Motion to Dismiss Petition as Untimely Filed, with accompanying exhibits (# 12), and a Memorandum of Law in support thereof (# 13). Respondent's motion asserts that Petitioner's section 2254 petition is untimely under 28 U.S.C. §

2244(d)(1).

On March 31, 2009, Petitioner filed a Response to Respondent's Motion to Dismiss, including exhibits (# 17). On April 24, 2009, Respondent filed a Reply to Petitioner's Response (# 19). On April 29, 2009, Petitioner filed a sur-reply, which the undersigned has granted Petitioner leave to file. (# 21). The matter is now ripe for determination.

## PROCEDURAL HISTORY

On July 30, 2003, Petitioner was indicted by a Kanawha County Grand Jury on two counts of Burglary (Counts One and Two), one count of Domestic Battery (Count Three), and one count of Violation of a Protective Order (Count Four). State v. Gilmore, Case No. 03-F-253. (# 12, Ex. 1). Petitioner was represented by Thomas W. Smith and Peter A. Hendricks during his criminal proceedings.

On May 20, 2005, Petitioner pled guilty to one count of Burglary under Count Two of his Indictment. (Id., Ex. 2). By Order entered July 29, 2005, the Circuit Court of Kanawha County sentenced Petitioner to 1-15 years in the penitentiary. (Id.) No direct appeal was filed.

The procedural history of Petitioner's state habeas corpus proceedings will be discussed in greater detail infra.

## ANALYSIS

**A.     Respondent's Motion to Dismiss Petition as Untimely.**

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

3

Respondent has filed a Motion to Dismiss Petitioner's section 2254 petition as being time-barred under the provisions above (# 12). The circumstances surrounding Petitioner's state habeas corpus proceedings are significant to a determination of whether his section 2254 petition is time-barred.

Petitioner's conviction became final on November 29, 2005, upon the expiration of the four-month period in which Petitioner could have filed a direct appeal to the Supreme Court of Appeals of West Virginia (the "SCAWV"). Thus, under section 2244(d)(1)(A), Petitioner had until November 29, 2006, to file a section 2254 petition, unless Petitioner had properly filed an application for state post-conviction or other collateral review, which would toll the statute during the pendency of those proceedings. 28 U.S.C. § 2244(d)(2).

On May 30, 2006, Petitioner, proceeding pro se, filed his first habeas corpus petition in the Circuit Court of Kanawha County, which tolled the statute of limitations. (Gilmore v. Haines, Case No. 06-MISC-214). Based upon the undersigned's calculation, at that time, 181 days had passed, and Petitioner had 184 days remaining under the statute of limitations. The statute of limitations is normally tolled throughout the pendency of the state court collateral proceedings, including an appeal to the SCAWV. 28 U.S.C. § 2244(d)(2). Barring an extension of time being granted, a Petition for Appeal is due within four months of the

issuance of the final judgment by the Circuit Court. In Petitioner's case, his first habeas corpus petition was denied on October 24, 2006. Thus, Petitioner's Petition for Appeal was due by February 24, 2007.

Had Petitioner filed a timely Petition for Appeal from the denial of his first habeas corpus petition, the statute would have been tolled until the SCAWV ruled on the Petition for Appeal. However, if a Petition for Appeal is not filed, normally, the tolling period ends on the date that the Petition for Appeal should have been filed. See Taylor v. Lee, 186 F,3d 557, 560 (4th Cir. 1999); Harris v. Hutchinson, 209 F.3d 425, 327 (4th Cir, 2000)(upon final disposition of state post-conviction proceeding, running of the statute of limitations resumes).

Although Petitioner filed a Notice of Intent to Appeal concerning the denial of his Kanawha County habeas corpus petition, no Petition for Appeal was filed. (# 13 at 2; # 12, Ex. 3, line 29). Instead, on August 22, 2007, Petitioner filed a second pro se Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County. (Gilmore v. McBride, Case No. 07-MISC-352). (# 12, Ex. 5). The Circuit Court dismissed that petition on June 2, 2008. (Id., line 11). Petitioner filed a Petition for Appeal from the denial of that petition in the SCAWV on June 27, 2008, and the Petition for Appeal was refused on December 29, 2008. (Id., Ex. 6). Also, on September 5, 2007, Petitioner, by retained counsel,

5

Michael P. Cooke, filed a Petition for a Writ of Habeas Corpus under the original jurisdiction of the SCAWV. That petition was summarily refused on November 7, 2007. (Id., Ex. 4).

Based upon these filings, the statute of limitations began to run again on February 25, 2007, the day after Petitioner could have timely filed his Petition for Appeal from the denial of his first Kanawha County habeas petition, and ran for 178 days, until August 22, 2007, when his second Kanawha County habeas petition was filed. The statute was then tolled until December 29, 2008, when the SCAWV refused his Petition for Appeal from the denial of his second Kanawha County habeas petition. Six days later, on January 4, 2009, the statute of limitations expired. Petitioner did not file his section 2254 petition until January 14, 2009, ten days after the expiration of the statute of limitations.

Petitioner's Response to Respondent's Motion to Dismiss asserts, in part, that the court should apply the "mailbox rule," which, he claims, entitles him to "at least three (3) days from every filing period." (# 17 at 12). As noted by Respondent in his Reply, to the extent that Petitioner is asserting that the court should extend his filing deadline by three days under Rule 6(d) of the Federal Rules of Civil Procedure, that rule is inapplicable to the filing of a section 2254 habeas petition. Rule 6(d) states:

> Whenever a party has a right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other paper upon the party and the notice or paper is served upon the party

>under Rule 5(b)(2)(C), (D), (E) or (F), 3 days shall be added to the prescribed period.

Fed. R. Civ. P. 6(d)[1] ("the mailbox rule").  That rule does not apply to deadlines for initial filings, such as habeas corpus petitions.  (# 19 at 8).

The undersigned believes that Petitioner intended to assert what is known as the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.  This was confirmed by Petitioner in a "Motion for Leave of Court to File a Notarized Statement to Show that the Prison Institution Has a System Designed for Legal Mail Which Would Give Petitioner the Benefit of the 'Prison Mailbox Rule'" (# 20).  The undersigned granted the Motion for Leave in a separate Order and will apply the "prison mailbox rule" to Petitioner's case.

Petitioner signed the section 2254 petition on January 13, 2009.  Thus, he could not have given his petition to prison officials to be mailed before that date, which was nine days after the expiration of the statute of limitations.  Therefore, even if the "prison mailbox rule" is applied in Petitioner's case, his section 2254 petition is still untimely.

---

[1] Respondent cited to an older version of this rule, which was contained in Rule 6(e).  The undersigned has cited to the current version of this rule.

**B. Petitioner's arguments for equitable tolling.**

Petitioner's Response further argues that equitable tolling principles should be applied in his case because of the conduct of his retained counsel, Michael D. Cooke. Petitioner specifically states that the period beginning January 19, 2007 through August 22, 2007 should not be counted against the statute, citing the following facts:

1.) that Petitioner filed a notice of intent to appeal the October 24, 2007, denial of the lower courts ruling within the required time frames set forth in the Rules of Appellate Procedure, on November 20, 2006.

2.) that on April 19, 2007, [more than four months after Petitioner's habeas was denied on October 24, 2006] and after his time for appeal had expired, Attorney Michael D. Cooke, wrote Petitioner a letter stating that it was not in his "best interest" to file an appeal, and that the attorney would file an Original Jurisdiction habeas corpus action in the West Virginia Supreme Court instead (see Appendix A). [FN2]

> [FN 2 – On April 9, 2007, Gilmore was placed into the medical infirmary at Saint Mary's Prison for two herniated disk[s] and a pinched nerve. He continues to suffer from these ailments. On April 5, 2007, Gilmore was transferred from St. Mary's Prison to Mount Olive. From April 5, 2007, until August 2, 2007, Gilmore was repeatedly transferred from the infirmary at Mount Olive to the receiving unit, and back. He did not have access to any "Jailhouse Lawyers" throughout this time period. Thus, he was totally dependent on the sole advise [sic; advice] of Attorney Michael D. Cooke at this time.]

3.) On June 3, 2007, Attorney Michael D. Cooke wrote Petitioner a two page letter explaining to Petitioner that it would be cheaper for Petitioner to file his habeas petition in the Circuit Court of Mercer County, although Petitioner was incarcerated in Fayette County, and his conviction was had in Kanawha County (see Appendix B). [FN 3].

> [FN 3 - The Attorney was clearly indecisive as to where to file the habeas petition. Standard practice in West Virginia is to file the petition in the county in which the conviction takes place, or the county in which the inmate is incarcerated. See, local rules of the Supreme Court. Habeas petitions are rarely heard for the first time under the Supreme Court's original jurisdiction.]

4.) On June 21, 2007, Attorney Michael D. Cooke wrote Petitioner a letter stating that it would [now] be in his best interest to file his habeas corpus petition in Kanawha County Circuit Court rather than Mercer County (see, Appendix C).

5.) On July 2, 2007, Petitioner sent a letter to Attorney Edward Rebrook [of Kanawha County] attempting to replace Attorney Michael D. Cooke, complaining that he was not comfortable with the attorney's performance (see, Appendix D). Because of the extraordinary delay Petitioner began drafting his own petition, pro se, at that time.

6.) On August 1, 2007, Petitioner sent Attorney Michael D. Cooke a letter complaining about his shoddy work on his habeas petition, and about the "eight month" delay in filing his petition into the court (see, Appendix E).

7.) On August 9, 2007, Attorney Michael D. Cooke wrote a letter to Petitioner for the purpose of boosting his credentials as a habeas lawyer, based upon the distrust Petitioner had for the attorney's ability to handle his case effectively (see, Appendix F). At this time Petitioner was consulting with "Jailhouse Lawyers" to help him prepare his own petition.

    8.)  On August 20, 2007, Petitioner sent Attorney Michael D. Cooke an additional letter, advising the attorney to place information back into his habeas petition, and to file the same in the court as soon as possible (see, Appendix G).  On this very same day, Petitioner filed his own pro se SECOND HABEAS CORPUS PETITION in the Circuit Court of Kanawha County.

    9.)  On September 5, 2007, Attorney Michael D. Cooke filed on behalf of Petitioner an additional SECOND HABEAS CORPUS PETITION in the West Virginia Supreme Court, although he was aware that Petitioner had already filed his own petition in the circuit court.

(# 17 at 2-4).

Petitioner contends that "he did everything reasonably possible to file a habeas appeal of the Circuit Court's October 24, 2006, order denying habeas relief, which would have effectively tolled the one year deadline in question." (Id. at 4).  Petitioner further contends that he "had no control over filing his appeal, or filing a habeas petition within the seven [7] month period from January 19, 2007, through August 22, 2007, the period during which the attorney was hired to file the appeal in question. (Id. at 5). Petitioner further states:

> Petitioner submits that (1) extraordinary circumstances do exist in this matter, inasmuch as he hired an attorney to file an appeal of the lower court's October 24, 2006 decision denying his habeas petition, and the attorney did not file the appeal when asked to do so.  (2) Petitioner also submits that the delay from January 19, 2007 up until August 22, 2007 was beyond his control and external to any of his own actions, in that he filed all the necessary paperwork - notifying the court of his intent to appeal and request for appointment of counsel on November 20, 2006; he was thereafter forced to hire an attorney when the court failed to make a ruling on his request for counsel [footnote omitted].  (3) Attorney

10

> Michael D. Cooke was hired to complete the appeal process where upon the attorney first allowed Petitioner's time for appeal to expire, then mislead Petitioner as to the reasons, e.g. (advising that additional issues would be raised while failing to raise any new grounds at all). Thus the attorney's actions prevented Petitioner from filing an appeal on time, and later prevented him from filing a state habeas with respect to the times indicated by Section 28 U.S.C. § 2254, in that the attorney was completely indecisive of what court to file his petition in, and what facts he would rely on.  Petitioner is therefore entitled to equitable tolling of the one year time frame as set forth in Rouse v. Lee, 339 F.3d 238, 247 (4th Cir. 2003).

(Id. at 6-7).

The United States Court of Appeals for the Fourth Circuit has held that the limitation period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling.  See Harris v. Hutchinson, 209 F.3d 325, 329-330 (4th Cir. 2000).[2]  As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330.  The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent;

---

[2] The Supreme Court has not specifically ruled on whether section 2244(d) allows for equitable tolling.  However, in Lawrence v. Florida, 127 S. Ct. 1079, 1085 (Feb. 20, 2007), the Court assumed that equitable tolling was available under that statute, based upon the agreement of the parties, but found that it was not warranted under the circumstances of that particular case.

11

and (2) where extraordinary circumstances beyond the plaintiff/petitioner's control made it impossible to file the claims on time. Id.

It is clear that ignorance of the law, or the lack of appointment of counsel are not "extraordinary circumstances" sufficient to equitably toll the statute of limitations. See, *e.g.*, United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling; Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993)(pro se status, illiteracy, deafness, and lack of legal training are not external factors sufficient to excuse or extend limitations period); Fisher, *supra*, 174 F.3d at 714 ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").

Furthermore, as noted by Respondent in his Reply (# 19 at 4-5), the Supreme Court of the United States has made it clear that "the principles of equitable tolling . . . do not extend to . . . garden variety claims of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). In Rouse v. Lee, the Fourth Circuit recognized that, in general, "a mistake by a party's counsel in interpreting a statute of limitations does not present

12

the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." 339 F.3d 238, 248 (4th Cir. 2003)(citing Harris, *supra*, 209 F.3d at 331). Accordingly, the Fourth Circuit affirmed the district court's denial of equitable tolling of the AEDPA statute of limitations after Rouse's counsel missed the statutory deadline by one day.

In Rouse, the court held that "the actions of Rouse's attorneys are attributable to Rouse and, thus, do not present 'circumstances external to the party's own conduct.'" Id. at 249. The court further stated:

> Former counsel's errors are attributable to Rouse not because he participated in, ratified, or condoned their decisions, but because they were his agents, and their actions were attributable to him under standard principles of agency (citations omitted).

Id. The court further based its decision upon the fact that there is no right to counsel in a federal habeas proceeding, and "in the absence of constitutional ineffective assistance of counsel, attorney error is attributable to the petitioner." Id. at 250 (citations omitted).

In Goedeke v. McBride, 437 F. Supp. 590 (S.D. W. Va. 2006), the Honorable Joseph R. Goodwin, Chief Judge of this United States District Court, found that an absolute failure to represent a habeas petitioner over the course of six years, while repeatedly informing the petitioner that a petition was being prepared, goes beyond simple attorney negligence, and constitutes circumstances

13

that would support the equitable tolling of the AEDPA statute of limitations. Petitioner's response cites <u>Goedeke</u> in support of his request for equitable tolling. (# 17 at 6).

Respondent's Reply further states:

> Petitioner appears to argue that this Court should adopt the holding of <u>Goedeke v. McBride</u>, 437 F. Supp.2d 590 (S.D. W. Va. 2006), and allow equitable tolling of the limitations period due to "extraordinary circumstances" beyond his control. However, there is no basis for such a ruling under the facts of this case. Petitioner's exhibits to his response show that Mr. Cooke determined in his best professional judgment that it would be unwise to appeal the summary denial of Petitioner's first <u>pro se</u> habeas petition, but instead would be better to file a new habeas petition in which he could obtain a hearing and introduce new evidence and arguments. Clearly, Petitioner and his attorney disagreed over legal strategies and arguments. However, such disagreements do not warrant equitable tolling of the limitations period.
>
> This is not a case like <u>Goedeke</u>, *supra*, or <u>McLaughlin v. Lee</u>, No 5:99-HC-436 (E.D.N.C. Oct. 17, 2000) (unpublished) where the district courts equitably tolled the statute of limitations because the petitioners' attorneys did not take any action at all. Petitioner's counsel did take action in his case - albeit employing a strategy that Petitioner now disagrees with - that was entirely reasonable under the circumstances. There was no negligence, nor did Mr. Cooke misrepresent his intentions to file an original jurisdiction habeas petition rather than an appeal. The record demonstrates that Petitioner's attorney worked diligently on his case and attempted to follow his instructions to the best of his ability, in the exercise of sound professional judgment. If Mr. Cooke erred, it constituted "ordinary legal error to which the principles of equitable tolling do not apply." <u>Rouse</u>, 339 F.3d at 250 n.14. Consequently, there is no basis for granting equitable tolling under these circumstances. [footnote omitted].

(<u>Id.</u> at 5-6).

14

In his Response, Petitioner also argues that the two periods of time in which his motions for reconsideration of his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure were pending should have been counted as tolling events. (# 17 at 9, nn.7, 8). However, as noted by Respondent in his Reply, a Rule 35(b) motion is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and, thus, does not toll the period of limitations under § 2244(d)(1). <u>Walkowiak v. Haines</u>, 272 F.3d 234 (4th Cir. 2001). (# 19 at 6).

Petitioner has been granted leave to file a sur-reply. In his sur-reply, Petitioner reiterates his argument that Mr. Cooke's conduct should warrant the equitable tolling of the statute of limitations. Petitioner states:

> Mr. Cooke clearly did not know what he was doing. Mr. Cooke let my time run out to even do the appeal. He then tells me that he wants to file something else <u>4</u> months later. I was put in the infirmary on 1st April, 2007. Mr. Cooke tells me he wants to raise other issues, but he does not use the new information that I provide. I could not get him to do anything. I sent him a response to his "draft" & I sent him a redraft to do. His draft was not <u>complete</u> to meet my issues. He did not want to raise all my issues. I knew had to raise <u>all</u> my issues . . . I told Mr. Cooke to file something by August 15, 2007. He failed to do so. Mr. Cooke failed to file on Aug. 15, 2007, but filed a Petition on September 5, 2007. Mr. Cooke was not acting as my agent, and I clearly had no control over Mr. Cooke's conduct or he would have filed on Aug. 15, 2007. This "egregious conduct" of Mr. Cooke has cost me <u>20</u> days[.] This 20 day error is clearly only attributable to counsel's error to perform service.

(# 21 at 1-2).

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated that the conduct on the part of his retained counsel was so egregious as to warrant the application of equitable tolling, as the court did in Goedeke. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that equitable tolling of the statute of limitations is not warranted in Petitioner's case.

### C. Petitioner's other arguments.

Petitioner also argues that the one year statute of limitations for his section 2254 petition should be calculated under section 2244(d)(1)(D), because the date upon which the factual predicate of his due process claims concerning sex offender programming (Grounds Two and Nine) could not have been discovered, even through the exercise of due diligence, until April 20, 2006, "the day Petitioner was classified in prison and forced to 'participate in Sex Offender Programming while incarcerated.'" (# 17 at 7-8). Petitioner's Response further states:

> After being transferred to Mount Olive Correctional Complex for the purpose of classification and classified as a level II minimum security inmate, Petitioner was then sent to Huttonsville where he was re-classified as a level III medium security and ordered to take sex offender programming (see Appendix-K). See Individual Re-entry Program Plan.
>
> This was on April 20, 2006, Individual Re-entry Program Plan that Petitioner claims his right to due process of law was ***first violated, and brought to his knowledge***. Thus, by the exercise of due diligence the date on which the ***first factual predicate*** of his claim became known to him was the day he was re-classified at

16

> Huttonsville Prison, that date was April 20, 2006 (see Appendix-K).

(Id. at 10). Petitioner makes additional arguments about "later discovered factual predicates" concerning the accuracy of his Presentence Investigation Report ("PSI") and his parole eligibility that he asserts should also affect the running of the statute of limitations. (Id. at 10-11). These issues are the subject of a civil rights case filed by Petitioner in this court.

Respondent's Reply asserts that these grounds for relief do not challenge Petitioner's underlying conviction but, rather, challenge his prison classification. Respondent further asserts:

> Petitioner has not been ordered by any court to register as a sex offender, and the Division of Corrections does not have the authority to require him to do so, absent a judgment of a court. Thus, while he is in custody, Petitioner is not being detained "pursuant to the judgment of a State court" as required by 28 U.S.C. § 2254. Rather, his due process claims regarding sex offender classification and treatment are more properly brought under 42 U.S.C. § 1983. See Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997); Gwinn v. Miller, 354 F.3d 1211 (10th Cir. 2004). Consequently, Petitioner's claims against the Division of Corrections in Grounds Two and Nine of the petition should be dismissed for failure to state a claim cognizable under Section 2254.

(# 19 at 7).

Petitioner further addresses this argument in his sur-reply, stating:

> The factual predicate of being labeled a sex offender violates my plea agreement, and it provides a clear sentence enhancement. This petitioner cares less about being a II or a III Level in DOC Classification. It is about receiving a much harsher sentence from the judge that colored me as a sick individual. It is then discovered that the Probation Officer did not submit all

17

>     the documents to the DOC that helped keep me in prison.
>
>     Now it is only fair to assume that the Probation Officer did not disclose all the information to the sentencing judge. It is now questionable at the very best. It is further supported by the fact that there was never a corrected PSI Report as now being indicated by the DOC in the current 1983 action.

(# 21 at 3).

The issues presented by Petitioner on this point concern when and how certain information was provided to the West Virginia Parole Board and Petitioner's eligibility for parole consideration, and do not concern the validity of Petitioner's underlying criminal sentence. Respondent addresses this point as follows:

>     Additionally, Petitioner's claims in Ground Seven of the petition regarding the denial of parole by the West Virginia Parole Board should be brought in a separate proceeding, after exhausting his state court remedies. See Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts. They are unrelated to Petitioner's underlying conviction and sentence, and thus cannot be joined with this post-conviction challenge.

(# 19 at 7).

These issues addressed by Petitioner have no effect on when the one-year statute of limitations for filing a section 2254 petition concerning Petitioner's criminal conviction and sentence should begin to run. The undersigned agrees with Respondent that Petitioner's claims raised in Grounds Two, Seven and Nine are not cognizable in this section 2254 proceeding challenging Petitioner's criminal conviction and sentence, and that the factual predicates for those claims are not evidence supporting a different calculation of the one-year statute of limitations, which is the

subject of the instant motion. None of the reasons cited by Petitioner is sufficient to alter the date upon which the one-year statute of limitations began to run, or when it expired. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1). The undersigned further proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations.

### **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (# 12) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which

objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

October 22, 2009
Date

Mary E. Stanley
United States Magistrate Judge