UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**BOYD JAMES GILMORE,**

    **Petitioner,**

**v.                              Civil Action No. 2:09-00041**

**DAVID BALLARD, Warden, Mt.
Olive Correctional Complex,**

    **Respondent.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

**Pending are respondent's motion to dismiss petitioner's petition for writ of habeas corpus, filed March 12, 2009, respondent's motion to refer this case back to the Magistrate Judge, filed December 23, 2009, respondent's renewed motion to dismiss based on mootness in view of petitioner's release on parole on January 12, 2010, filed March 12, 2010, and petitioner's motion for order to strike, filed March 22, 2010.[1]**

**Respondent's motion to dismiss was previously referred**

---

    [1]**In view of the court' disposition of respondent's renewed motion to dismiss, petitioner's motion for order striking the renewed motion on the grounds that it is unsupported by a memorandum in violation of Local Rule 7.1(a) is deemed moot.**

to Mary E. Stanley, United States Magistrate Judge, who, on October 22, 2009, submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  On December 14, 2009, after two extensions of time, petitioner filed objections to the PF&R.  On December 23, 2009, respondent responded to petitioner's objections.

I.

As noted in the PF&R, petitioner pled guilty to one count of burglary on May 20, 2005, and was sentenced by the Circuit Court of Kanawha County to 1 to 15 years in the penitentiary on July 29, 2005.  (PF&R 2).  Petitioner contends he was wrongfully classified as a sex offender while in prison due to an erroneous pre-sentence investigation report.  (Pet.'s Resp. 8-10).  Petitioner claims he was first made aware of his sex offender classification on April 20, 2006, when he received his Individual Reentry Program, which included under "Behavioral Objectives" a requirement that he participate in sex offender programming.  The court notes that petitioner's classification as a sex offender was the subject of a recent § 1983 action in this court, in which he was the plaintiff.  See Gilmore v. Bostic, et. al., 2:08-cv-0386 (S.D. W. Va.).

During his time in custody, petitioner was denied

2

parole four times before being granted parole and released on January 12, 2010. In his memorandum filed January 14, 2009, petitioner notes three parole denials but only specifies the date for one of them, being July 2, 2007.[2] (Mem. Supp. Pet. 31). Petitioner contends that in the July 2, 2007, denial, the Parole Board indicated that petitioner did not follow mandatory sex offender treatment. (Mem. Supp. Pet. 31-32).

The following parole hearings and subsequent denials were noted in the memorandum opinion and order entered in petitioner's § 1983 action on September 22, 2009:

> July 13, 2006 (where defendant's participation in recommended programs was not a factor in the denial);
>
> July 2, 2007 (where defendant's failure to participate in sex offender programs was a factor in the denial); and
>
> July 1, 2008 (where defendant's failure to participate in sex offender programs was a factor in the denial).

<u>Gilmore v. Bostic, et. al.</u>, 2:08-cv-0386, 7-9 (S.D. W. Va. Sept. 22, 2009).

In response to petitioner's objections, respondent states that petitioner was interviewed again, after this case was

---

[2]The court notes that petitioner later states in his memorandum that he "has appeared before the Parole Board on two occasions." (Mem. Supp. Pet. 37). This statement may be in error inasmuch as it contradicts petitioner's earlier statement and other evidence of his parole denials.

filed, by the Parole Board on August 13, 2009, and was on that day denied parole, but notes that his participation in sex offender programming was not a factor in this denial. (Resp.'s Resp. 2, ex. 9). On January 11, 2010, petitioner was granted parole and he was released from custody on January 12, 2010. (Def.'s Renewed Mot. Supp. Ex. 10).

## II.

After setting forth the complex procedural history of petitioner's attempts to obtain collateral review of his state conviction and petitioner's complaints respecting the imposition of sex offender status and denial of parole, the magistrate judge recommends that the court find that petitioner's § 2254 petition is untimely under 28 U.S.C. § 2244(d)(1) and that petitioner has not demonstrated extraordinary circumstances that would warrant equitable tolling of the statute of limitations. The magistrate judge further recommends that the court grant respondent's motion to dismiss.

Petitioner objects, contending that the magistrate judge erred in applying the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) instead of 28 U.S.C. § 2244(d)(1)(D), "at least with respect to Grounds Two, Seven and Nine" of his

habeas petition. (Pet.'s Objs. 2). Section 2244(d)(1) states, in pertinent part,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The three grounds of the petition to which petitioner refers state as follows:

> GROUND TWO: Petitioner's guilty plea for burglary resulted in the Division of Corrections requiring Petitioner to participate in a Sex Offender Program and register as a Sex Offender upon release of confinement.
>
> GROUND SEVEN: The Parole Board denied parole to the Petitioner in a manner that was unreasonable, capricious, and arbitrary.
>
> GROUND NINE: The Petitioner was admittedly "denied due process and equal protection when the law was violated when Petitioner was not given procedural rights set forth in Tasker and Wolff v. McDonnell", as ruled by Magistrate Judge Mary Stanley in United States Southern District on November 7, 2008, "in connection with his purported sex offender status."[3]

---

[3] Ground Nine appears to refer to petitioner's § 1983 case challenging his classification as a sex offender. On November 7, 2008, the magistrate judge entered a PF&R regarding the defendants' motions to dismiss in that case. (Gilmore v. Bostic, 08-cv-0326 (S.D. W. Va. Nov. 7, 2008)).

(Pet. 8, 15, 18).

Inasmuch as the only portion of the magistrate judge's PF&R that petitioner addresses in his objections is the analysis relating to Grounds Two, Seven and Nine of his petition, the court adopts the magistrate judge's recommendations as to all other grounds.  The court now turns to the magistrate judge's recommendations as to Grounds Two, Seven and Nine.

Petitioner responded to respondent's motion to dismiss referencing more than one factual predicate for the purposes of applying 28 U.S.C. § 2244(d)(1)(D) to his claims.  In his response, he stated that the first factual predicate of his claim was his initial classification as a sex offender, of which he learned by April 20, 2006.  (Resp. 10).  He then noted other later factual predicates including the withholding of records by the probation officer, violations of the Parole Board and the providing of false information by the probation officer.  (<u>Id.</u>). In his objections, petitioner argues that, pursuant to <u>Wade v. Robinson</u>, 327 F.3d 328 (4th Cir. 2003), his claims in Grounds Two, Seven and Nine are not only cognizable under § 2254, but they are timely because § 2244(d)(1)(D) is the applicable statute of limitations.  (Pet. Objs. 2, 5-6).

The respondent, Warden Ballard, states that neither he nor the magistrate judge have had the opportunity to address the application of <u>Wade</u> to the facts of petitioner's case and requests another referral to the magistrate judge.  (Resp. to Objs. 2).  Respondent further asserts in that same response that Ground Seven of the petition may be moot inasmuch as petitioner's August 13, 2009, parole denial did not cite his participation in sex offender treatment as a factor in this denial.  (<u>Id.</u> at 2, Ex. 1).  Further, as noted above, petitioner was ultimately paroled on January 11, 2010, and released the following day.  (Def.'s Renewed Mot. Supp. Ex. 10).

Generally, a case becomes moot once the controversy is no longer "live" or the parties no longer have an interest or "personal stake" in the outcome.  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982) (quoting <u>U.S. Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980)).  In order for a case to be found moot, it must lack one of the following elements of Article III standing: (1) injury in fact; (2) causation; and (3) redressibility.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).  The Court of Appeals for the Fourth Circuit has concluded that a petitioner's release from prison on parole does not necessarily moot his habeas petition challenging a parole board's earlier finding of

parole ineligibility. Townes v. Jarvis, 577 F.3d 543, 546-47 (4th Cir. 2009). In Townes, a petitioner who was released from prison still satisfied standing requirements because "collateral consequences with respect to the duration of his parole and probation" were traceable to the challenged decision by the Parole Board. Id. at 547. It appears that petitioner may similarly satisfy the standing requirements for his challenge to his parole denials, despite his release.[4]

First, with respect to injury-in-fact, petitioner's earlier parole denials may affect the length of his current parole term. Additionally, his parole may be revoked and he could find himself back in custody facing the same sex offender classification. Second, with respect to causation, the parole board's denials caused petitioner a longer term of incarceration, and may have precluded him from the opportunity to obtain an earlier, or perhaps shorter, term of parole. Finally, with

---

[4] See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("The District Court's conclusion that Spencer's release from prison caused his petition to be moot because it no longer satisfied the 'in custody' requirement of the habeas statute was in error. Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires. The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution.") (internal citations omitted).

respect to redressibility, if petitioner's parole denials were found to be unconstitutional, a recomputation of a petitioner's parole eligibility date would provide him immediate relief.

Thus, it would appear based on the facts and circumstances as they now exist that petitioner's claims may not be moot. Nevertheless, in view of further factual and legal developments which may take place after this matter is recommitted to the magistrate judge, the court withholds ruling on the standing and mootness issues. The inquiry remains, however, whether petitioner's claims in Grounds Two, Seven and Nine are time-barred.

In <u>Wade</u>, the court of appeals concluded that § 2244(d)(1)(D) applies to habeas petitions that are challenging the decisions of administrative bodies like the Parole Board, as opposed to final judgments by state courts. <u>Wade</u>, 327 F.3d at 332. Wade challenged the rescindment of good conduct credits after he was re-incarcerated upon parole revocation. <u>Id.</u> at 329. The district court concluded that § 2244(d)(1)(A) governed the statute of limitations for Wade's habeas petition, and calculated the date on which the one year limitation began to run to be the last day Wade could have appealed his parole revocation, which the district court extended by tolling during the time his state

9

habeas petition seeking relief from the revocation was pending. Id. at 330. Our court of appeals concluded that the district court was correct in its ultimate judgment that Wade's petition was untimely, but held that the district court erred in applying § 2244(d)(1)(A), which refers to the date on which the petitioner's state court judgment became final, as opposed to § 2244(d)(1)(D), which encompassed the Parole Board's executive decision. Id. at 333. Consequently, the court calculated the statute of limitations under § 2244(d)(1)(D) from the date on which Wade's parole revocation became final, without regard to the date his state habeas petition challenging his parole revocation was denied or the time that elapsed while it was pending.[5] Id.

In view of Wade, the court finds that petitioner's Ground Seven is the only ground of Two, Seven and Nine challenging the decision of an administrative agency that affects the fact or length of custody. See Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973) (noting that the "heart" of habeas corpus is an inmate's ability to challenge the fact or duration of his physical confinement and seek an immediate or speedier release

---

[5]Wade's parole revocation became final when he failed to appeal within thirty days after his parole was revoked. Id. at 330, 333, n.5.

10

from that confinement); <u>Wilson v. Johnson</u>, 535 F.3d 262, 265 (4th Cir. 2008).  Ground Seven specifically challenges the decision of the Parole Board to deny petitioner parole in, it is claimed, a "manner that was unreasonable, capricious, and arbitrary."  (Pet. 15).  Petitioner credits the Parole Board's denials to his classification as a sex offender.  (Mem. Supp. Pet. 15).  Inasmuch as Grounds Two and Nine do not fall under the statutory framework of § 2254 challenging petitioner's conviction and sentence, the court adopts the magistrate judge's finding as to Grounds Two and Nine.  To the extent that those two grounds might be construed as, in part, challenging the Parole Board's decisions to deny parole, they will be treated as being covered by Ground Seven.

The court has been unable to locate, and the parties have not identified, a direct appeal procedure for parole denials.  There is certainly a means to challenge the administrative denial of parole through the West Virginia judicial process.  It appears, however, that this challenge contemplates the use of state habeas corpus review.  <u>Tasker v. Mohn</u>, 165 W. Va. 55, 267 S.E.2d 183, 191 (1980) ("We emphasize that <u>habeas corpus review of parole hearings</u> will be available only when a prisoner alleges with specificity, facts that tend to prove abuse of discretion or other due process

11

deprivations")(emphasis added)); see also Smith v. Liller, 314 F.Supp.2d 623, 629 (N.D. W. Va. 2004) (not citing Wade, but concluding that petitioner had exhausted state remedies with regard to his parole denial when he filed a habeas petition in circuit court, which was denied, then filed a petition for appeal with the Supreme Court of Appeals of West Virginia).

The court notes that this avenue of collateral relief may not impact the running of the time period under § 2244(d)(1)(D). See Wade, 327 F. 3d at 333. Calculating the commencement of the one year limitation period as the dates that each of the parole denials became final, it appears that the one year period has elapsed as to the first two parole denials, occurring on July 13, 2006, and July 2, 2007, while the third denial of July 1, 2008, occurring less than one year before petitioner filed this habeas petition, is not time-barred. However, inasmuch as the parties have not addressed this point in detail, the matter is better left for development before the magistrate judge for determination of the date a given parole denial became final, taking into account applicable appeal processes, if any. Notwithstanding, the fourth denial, occurring on August 13, 2009, is not a part of this case because it came after the § 2254 petition was filed and petitioner has not moved to amend. That leaves for disposition that portion of Ground

Seven which alleges that the first three parole denials were "unreasonable, capricious, and arbitrary."

Based on the foregoing, the court, accordingly, ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted by the court, except to the extent that it recommends dismissal of Ground Seven as untimely;

2. That respondent's motion to dismiss the petition as untimely be, and it hereby is, granted except as to Ground Seven insofar as that ground relates to the decisions of July 13, 2006, July 2, 2007, and July 1, 2008, as to which the motion to dismiss is denied without prejudice;

3. That respondent's renewed motion to dismiss the petition as moot be, and it hereby is, denied without prejudice; and

4. That respondent's motion to refer this case back to the Magistrate Judge be, and it hereby is, granted, and this case is again referred to the Magistrate Judge.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

        DATED: March 26, 2010

        John T. Copenhaver, Jr.
        United States District Judge